In re DANIEL'S MEN'S STORE, INC., t/d/b/a Daniel's Men's Store, Debtor.

DANIEL'S MEN'S STORE, INC., Movant,

v.

Samuel FRAZEE, II, Respondent.

Bankruptcy No. 92–03437 JKF.
Motion No. KS–1.

United States Bankruptcy Court, W.D. Pennsylvania.

Sept. 29, 1992.

Kenneth Steidl, Pittsburgh, Pa., for debtor.

John S. Toohey, Mount Pleasant, Pa., for Samuel Frazee, II.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

Before the court is Debtor's Motion to Stay State Court Proceedings Due to the Filing of the Bankruptcy. A response was filed and argument was heard on September 10, 1992. The facts essential to the resolution of this issue are undisputed although the facts subject to ultimate determination by either this court or the state court are very much in dispute. The facts relevant to the court's determination of the motion to stay are as follows:

Samuel Frazee and T.J. Lucostic operated Daniel's Men's Store as a partnership from approximately September 11, 1987, until sometime early in 1992. The parties dispute the events between February and June of 1992 during which time Frazee attempted to, and/or did, withdraw from the partnership and Lucostic, as the sole remaining alleged partner, filed Articles of Incorporation and changed the format of the business from a partnership to a corporation, Debtor herein. The parties dispute whether Lucostic purchased Frazee's interest in the partnership, whether Lucostic had any equity in the partnership, and whether the partnership must be dissolved under the terms of the Partnership Agreement.

Debtor was incorporated in June of 1992. The bankruptcy was filed on August 3, 1992, less than two months after its incorporation. Immediately before the bankruptcy, and on July 30, 1992, Frazee filed an action in the Court of Common Pleas of Fayette County, Pennsylvania, against T.J. Lucostic and his wife, Donella Lucostic, at Action No. 1483 of 1992 G.D. Neither the partnership nor the Debtor corporation is listed as a defendant in the action. None-

theless, a resolution of the complaint will affect the bankruptcy because the relief requested includes, *inter alia,* an injunction against the operation of the Daniel's Men's Store business, an order to dissolve the partnership, and appointment of a receiver to control and dispose of partnership assets. In his Answer to the Motion to Stay filed with the bankruptcy court, Frazee asserts that Lucostic improperly transferred to Debtor assets of the partnership. Frazee asserts that many of the assets at issue are subject to security interests and Lucostic's attempt to transfer them to the corporation may be fraudulent and criminal under state law. Lucostic's compliance with the Pennsylvania Bulk Sales Act is impliedly in dispute.

The issues raised in the state court proceedings are issues of state law which but for the inception of bankruptcy would not be cognizable in federal court. Further, it is evident that the existence of estate property, if any, depends upon judicial determination of the state court issues. It is axiomatic that what constitutes property of the estate is a matter determined by reference to the underlying state law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). The issue of what were partnership assets was pending in state court before Debtor filed bankruptcy and listed those same items as corporate assets. At the argument before the bankruptcy court, the representation was made by counsel that the state court was prepared to conduct a hearing on the complaint but did not because the bankruptcy was filed. Therefore, the state court is prepared to timely adjudicate the issues. Furthermore, none of the claims could have been brought in a federal forum but for the filing of this bankruptcy. Thus, the circumstances of this case mandate abstention pursuant to 28 U.S.C. § 1334.

Even were mandatory abstention not required, the court would exercise its discretion to abstain. Debtor indicated it would consent to appointment of a trustee who would operate the business or move to convert the case if reorganization appeared

unlikely. Debtor was unable to provide the court with any indication that it would have a positive post-petition cash flow or the ability to pay administrative expenses even though the bankruptcy was filed six weeks ago. An examination of the debts listed in the schedules by this corporation evidences confusion as to what obligations this Debtor has versus what may be personal obligations of its principal. *See, e.g.,* disputed secured debt to Samuel Frazee II[1] for "buyout of partnership interest by agreement dated September 11, 1987." Debtor was never a partner with Samuel Frazee II although Lucostic, Debtor's principal, was. The first meeting of creditors occurred on September 17, 1992, but the August monthly financial report has not been filed and is past due. Accordingly, a Rule to Show Cause will be issued to Debtor to explain why this case should not be converted or dismissed.

In Debtor's Motion to Stay the State Court Proceedings, Debtor alleges no reason why the automatic stay provisions of § 362 ought to be extended to suits against nondebtor parties other than the dispute concerning what are assets of the corporation and what are not. The determination of that issue will follow from the state court proceeding. For all of these reasons, the motion will be denied.

An appropriate Order will be entered.

---

**1.** Frazee is listed on Schedule H as a "codebtor".